IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

WENDY DELANEY,

                     Plaintiff,

        v.

Civil Action No.
3:10-CV-0253 (TJM/DEP)

THE RAYMOND CORPORATION,

                 Defendant.

_____

APPEARANCES:              OF COUNSEL:

FOR PLAINTIFF:

Wendy Delaney, *Pro Se*
13 Wightman Drive
Binghamton, NY 13901

FOR DEFENDANT:

[NONE]

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

REPORT AND RECOMMENDATION

     Plaintiff Wendy Delaney commenced this action on March 4, 2010

against the Raymond Corporation, her former employer, alleging, *inter alia*,

violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e *et seq.*  Dkt. No. 1.  Accompanying plaintiff's complaint was a motion in which she sought leave to proceed *in forma pauperis* and appointment of counsel to represent her in the matter, *pro bono*.  Dkt. Nos. 2, 3.

By order issued April 1, 2010, I denied plaintiff's application for IFP status, based upon her failure to establish indigency, and additionally rejected her application for appointment of *pro bono* counsel.  Dkt. No. 5. Both of those applications were denied without prejudice to renewal.  *Id.*  In the April 1, 2010 order plaintiff was directed to either pay the required $350 filing fee for commencing this action or to submit a renewed *in forma pauperis* application within thirty days of the date of the order.  Dkt. No. 5. Despite the fact that more than sixty days have passed since that directive was made, plaintiff has taken neither of these alternative required measures.

The statute which governs filing fees provides, in pertinent part, that "[t]he clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $350.00 . . .."  28 U.S.C. §

2

1914(a).  A party seeking to be excused from this requirement can apply to the court for IFP status.[1]  28 U.S.C. § 1915; *see Fridman v. City of New York*, 195 F. Supp.2d  at 536.  When IFP status is not sought, or is requested but denied, the party seeking court intervention is required to pay the prescribed $350 filing fee in order to commence and maintain an action in this court.  *See Potnick v. Eastern State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983) (per curiam).

In this instance plaintiff was denied leave to proceed *in forma pauperis* and was pointedly informed of her obligation to pay the required $350.00 filing fee in full.  Plaintiff was also advised that I would recommend dismissal of her complaint in the event of her failure to take one of the two required steps within the prescribed thirty-day time period.  Based upon the plaintiff's failure to comply with the court's order and pay the required filing fee or to submit a new IFP application, her complaint is subject to dismissal, without prejudice. *See Lampman v. Friedman & Levine, Inc.*, No.

---

[1]        The language of that section, which is admittedly ambiguous, suggests an intent to limit availability of IFP status under that provision to prison inmates.  *See* 28 U.S.C. § 1915(a)(1) (authorizing pursuit of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets *such prisoner* possesses. . .") (emphasis added).  The courts have construed that section, however, as making IFP status available to any litigant who can meet the governing financial criteria. *Fiebelkorn v. U.S.*, 77 Fed. Cl. 59, 60 n. 1 (Fed. Ct. Cl. 2007)(citing *Hayes v. U. S.*, 71 Fed. Cl. 366, 367 (Fed. Cl. 2006)); *see also Fridman v. City of New York*, 195 F. Supp.2d 534, 536 n.1 (S.D.N.Y. 2002) (citations omitted).

3

07-CV-3423, 2471725, at *1 (E.D.N.Y. Aug. 30, 2007); *Gregory v. New York City Health and Hosp. Corp.*, No. 07-CV-1531, 2007 WL 1199010, at *1 (E.D.N.Y. Apr. 17, 2007).  It is therefore hereby respectfully

RECOMMENDED that plaintiff's complaint in this action be DISMISSED, without prejudice.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report. FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P.  6(a), 6(d), 72; *Roldan v. Racette,* 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this report and recommendation upon the parties in accordance with this court's local rules.

David E. Peebles
U.S. Magistrate Judge

Dated:      June 14, 2010
            Syracuse, NY

4

